■ INDEPENDENT HEALTH ASSOCIATION, INC., Plaintiff, and INDIVIDUAL PRACTICE ASSOCIATION OF WESTERN NEW YORK, INC., Intervenor-Respondent, v MICHAEL MURRAY, Appellant. (Appeal No. 1.) [663 NYS2d 1019] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Individual Practice Association of Western New York, Inc. (IPA), to intervene as a plaintiff in the underlying action (*see,* CPLR 1013). Defendant contends that the court should have denied that motion because IPA's complaint fails to state a cause of action for breach of fiduciary duty. We disagree. Although defendant did not have a contractual relationship with IPA, IPA's complaint may be liberally construed (*see,* CPLR 3026) to state a cause of action based on the theory that defendant was a loaned employee (*see, Parke-Bernet Galleries v Franklyn*, 26 NY2d 13, 18-19). For the same reason, the court properly denied defendant's motion to dismiss IPA's complaint pursuant to CPLR 3211 (a) (7). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Intervention.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.

■ INDEPENDENT HEALTH ASSOCIATION, INC., Plaintiff, and INDIVIDUAL PRACTICE ASSOCIATION OF WESTERN NEW YORK, INC., Intervenor-Respondent, v MICHAEL MURRAY, Appellant. (Appeal No. 2.) [663 NYS2d 1020] —Order unanimously affirmed without costs. Same Memorandum as in *Independent Health Assn. v Murray* (241 AD2d 959 [decided herewith]). (Appeal from

Order of Supreme Court, Erie County, Glownia, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Callahan, Doerr and Balio, JJ.